# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| NANCY ADAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:18-03196-CV-RK |
| | ) |
| ANDREW SAUL, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REMANDED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence

presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: depression; anxiety; post-traumatic stress disorder; substance abuse (prescription medication); carpal tunnel syndrome; and avascular necrosis of the right hip. The ALJ also determined that Plaintiff has the following non-severe impairments: vulva carcinoma and obesity. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work except that Plaintiff can understand, remember, and carry out simple and complex instructions; can interact frequently with supervisors and coworkers; interact occasionally with the general public; and frequently grasp and handle bilaterally with upper extremities. Although the ALJ determined that Plaintiff was unable to perform any past relevant work, the ALJ determined that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

On appeal, Plaintiff argues: (1) the ALJ erred at step five of the sequential evaluation process, and (2) the ALJ's RFC determination is not supported by substantial evidence.

First, Plaintiff argues the ALJ erred at step five because the ALJ did not resolve the apparent conflict between the VE's testimony and the Dictionary of Occupational Title ("DOT"). At step five of the sequential evaluation process, the burden shifts to the Commissioner to show that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, despite any limitations in the RFC. 20 C.F.R. §§ 404.1545(a)(1), 404.1520(g). The Commissioner may fulfill her burden by eliciting testimony from the VE; however, the ALJ has an affirmative responsibility to resolve any possible conflict between the VE evidence and the DOT. *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014); SSR 00-4p, 2000 WL 1898704, at *2-4 (Soc. Sec. Admin. Dec. 4, 2000). SSR 00-4p explains that the ALJ must elicit a reasonable explanation for the conflict before relying on VE testimony to conclude that the claimant is not disabled. SSR 00-4p, 2000 WL 1898704, at *2.

During the hearing, the ALJ posed a hypothetical where the individual was limited to occasional interaction with the general public, among other limitations. The VE responded that Plaintiff could not perform her past relevant work but could perform work as a companion.[1] Plaintiff argues there is an apparent unresolved conflict between the VE testimony and the DOT because the ALJ limited Plaintiff to only occasional interactions with the public, but the DOT description of a companion requires frequent talking and hearing. DOT 309.677-010. The Commissioner argues there is no conflict because the VE indicates the job of companion consists of one-on-one interactions; therefore, Plaintiff is not interacting with the general public. However, the VE does not indicate how many clients, or interactions, Plaintiff could or would have if in the job of companion. For instance, if the Plaintiff acts as a companion for several clients in one day, this may be sufficient to reach the ALJ's limitation that Plaintiff can only have occasional interaction with the public. It also may be that the substance of Plaintiff's interactions with clients is based in familiarity such that it does not equate to interaction with the public. Neither the ALJ or the VE provide a resolution to this discrepancy. Therefore, remand is proper for further development of the record.[2]

Second, Plaintiff argues the RFC determination is not supported by substantial evidence. The ALJ gave some weight to the medical opinions of Dr. Galinanes, Dr. Ellis, and Mr. Charles. Consistent with these medical opinions, the ALJ also determined that Plaintiff has "moderate limitations in social interaction and adapting or managing oneself." (Tr. 25.) Plaintiff argues the RFC is improper because it does not incorporate the limitation concerning adaptation which the ALJ found meritorious. The RFC limits Plaintiff to understanding, remembering, and carrying out simple and complex instructions; frequently interacting with supervisors and coworkers; and occasionally interacting with the general public. The limitations provided in the RFC do not

---

[1] The DOT describes the position of "companion" as follows: "[c]ares for elderly, handicapped, or convalescent persons; [a]ttends to employer's personal needs . . . . [t]ransacts social or business affairs . . . [r]eads aloud, plays cards, or other games to entertain employer . . . [a]ccompanies employer on trips and outings . . . [m]ay prepare and serve meals to employer." DOT 306.677-010.

[2] *See Ford v. Berryhill*, 2017 WL 3968742, at *10-11 (E.D. Mo. Sept. 9, 2017) ("the record does not indicate whether the ALJ or VE recognized a conflict between the . . . [job] requirement of dealing with people and frequent talking, and Plaintiff's limitation that she have only occasional interaction with coworkers and supervisors;" therefore, the Court remanded for further development of the record).

3

encapsulate the ALJ's limitation in adaptation; therefore, the RFC determination is not supported by substantial evidence.[3]

### Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the decision of the Commissioner is **REMANDED** for proceedings consistent with this Order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 24, 2019

---

[3] *See Gann v. Berryhill*, 864 F.3d 947, 952-53 (8th Cir. 2017) (finding that limitations in the ability to adapt to changes were not accounted for by a limitation to simple, routine, repetitive tasks with no public interaction and only occasional interaction with coworkers).