# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| NANCY ADAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:18-cv-03196-RK |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 21.) The Government does not present any substantive argument opposing the motion. (Doc. 22.)

In 2015, Plaintiff filed an application for Social Security disability benefits and was denied benefits. After an Administrative Law Judge ("ALJ") denied Plaintiff disability benefits and the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the Commissioner's decision to this Court. Plaintiff's appeal was ultimately successful. On July 24, 2019, this Court entered an order of remand to the ALJ. (Doc. 16.) On October 2, 2019, Plaintiff filed an application for attorney's fees under the Equal Access to Justice Act ("EAJA"), pursuant to 28 U.S.C. § 2412. (Doc. 18.) The Court granted the motion on February 25, 2020, awarding attorney fees in the amount of $5,153.75 to be paid by the Social Security Administration. (Doc. 20.) The EAJA fees the Court awarded were based on adjusted fee rates of $188.75, $190.00, and $193.75, for 26.6 hours of legal work. (*See* Docs. 18 at 4-5; 18-1; 18-2.)

On remand from this Court, the ALJ entered a decision fully favorable to Plaintiff on February 22, 2021, finding Plaintiff was entitled to disability benefits. (Doc. 21-3 at 5-9.) On March 10, 2021, the Social Security Administration ("SSA") issued a Notice of Award finding Plaintiff was entitled to past-due benefits of approximately $123,000. (Doc. 21-4.) The SSA withheld twenty-five (25) percent of the past-due amount ($30,930.38) for representative fees. (*Id.*) In the motion now before the Court, Plaintiff's counsel requests the Court award counsel attorney's fees under 42 U.S.C. § 406(b) in the amount of $30,930.38, representing 25 percent of

the past-due benefits Plaintiff ultimately received pursuant to the fee agreement between Plaintiff and counsel.[1]

The fees counsel may receive in representing a Social Security claimant are limited by statute. When a Social Security claimant receives a favorable judgment before the court, counsel may, pursuant to a contingent fee agreement of representation, recover "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." § 406(b). Section 406(b) "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A contingent fee arrangement is in the Social Security context is unenforceable and per se unreasonable if it exceeds 25 percent of the past-due benefits awarded to the claimant. *Id.* When, in a given Social Security case a contingent fee arrangement is enforceable (i.e., it does not provide for counsel to collect a fee more than 25 percent of the total of past-due benefits) the court must "then test[] it for reasonableness." *Id.* at 808.

> In considering the reasonableness of a valid fee agreement in this context,
>
> district courts may consider the hourly rate in determining the reasonableness of a fee award, [but] the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results received, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel.

*Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08). As the Supreme Court explained in *Gisbrecht*, in performing the "independent [reasonableness] check" courts may "appropriately reduce the attorney's recovery based on the character of the representation and the results the representative achieved" and to avoid a "windfall" where "the benefits are large in comparison to the amount of time counsel spent on the case." 535 U.S. at 807-08 (citations and quotation marks omitted). And in determining whether, in a particular case, the attorney's fees requested under a contingent fee arrangement are reasonable, the court may consider the hours of legal work spent representing the claimant and the lawyer's normal hourly billing charge for noncontingent-fee cases. *Id.* at 808.

---

[1] Plaintiff's counsel acknowledges in the motion that if an award of attorney's fees is granted under § 406(b), Plaintiff will be entitled to reimbursement by counsel of the $5,153.75 previously awarded in EAJA fees.

The contingent fee agreement in this case provides for attorney's fees equal to 25 percent of past-due benefits claimant receives. And in the motion now before the Court, Plaintiff's counsel requests an award under § 406(b) of $30, 930.38, or 25 percent of Plaintiff's past-due benefits. The fee agreement is therefore not per se unreasonable under the statute because it does not exceed the statutory maximum. *See* § 406(b).

Next, the Court must consider whether counsel has satisfied her burden to demonstrate the requested fee award is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered"); *id.* at n.17. Counsel ultimately received the best possible outcome for her client – successfully arguing for remand before this Court despite Plaintiff's claims having been denied throughout the administrative process below. Counsel's representation ultimately resulted in an award of more than $123,000 in past-due benefits and of course Social Security disability benefits Plaintiff will receive on a monthly basis moving forward. Additionally, it does not appear counsel caused any delay in this matter that would act to inflate the past-due benefits Plaintiff was awarded.

When considering whether the benefits achieved are large in comparison to the time expended by counsel, Courts in this district have looked to the complexity of the case and the lawyer's legal representation and the effective hourly rate of the requested award to evaluate whether the requested fee is excessive in comparison to the amount of time counsel spent on the case. In doing so, as Plaintiff's counsel acknowledges, Courts in this district have compared the effective hourly rate of the requested award reduced by a factor of 2.8 (to account for the rate of success and the nature of reliance on contingent-fee agreements in the Social Security context) with a normal hourly rate counsel might otherwise receive if on a non-contingent basis. *See McCall ex rel McCall v. Saul*, No. 2:17-CV-04005-WJE, 2021 WL 1579915, at *2 (W.D. Mo. April 21, 2021) (collecting cases); *see also Gisbrecht*, 535 U.S. at 808 (noting that in determining reasonableness a court may consider "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases") (citation omitted).

Here, counsel reports a total of 26.6 hours of attorney time spent by counsel herself and other attorneys in the firm in the course of representing Plaintiff before this Court. An award of $30,930.38 in attorney's fees with 26.6 hours of legal work results in an effective hourly rate of

$1,162.80 ($30,930.38 / 26.6 hours).[2] Reducing this effective hourly rate by a factor of 2.8 yields a comparable non-contingent hourly rate of $415.29 ($1,162.80 / 2.8). This comparative analysis is not dispositive, but it is a significant factor.

The Court recognizes counsel's expertise and experience in Social Security disability matters generally and in her successful representation of Plaintiff in this administrative appeal. Considering, as well, the contingent nature of fees in Social Security disability cases such as this one and the complexity of the particular legal issues involved in this administrative appeal, the Court finds the requested amount of $30,930.38 is unreasonable in the context of this case and would result in a windfall. *See also Gayer v. Kijakazi*, No. 6:19-CV-03302-DGK-SSA, 2021 WL 4710817, at *1-2 (W.D. Mo. Oct. 8, 2021) (25% of past-due benefits award, $15,438 would result in windfall for counsel with twenty-three hours' legal work in "straightforward, one-issue case where the result was a clear remand"). There has been no showing the legal issues involved in this case were particularly complex or the record was unusually voluminous.

As Plaintiff's counsel acknowledges, the comparable hourly rate the contingent fee yields is more than double the hourly rate counsel received under the EAJA, suggesting the equivalent hourly rate under counsel's request for $30,000 in attorney's fees may result in a windfall. *See Burton v. Astrue*, No. 07-0231-CV-DGK-SSA, 2011 WL 5117655, at *2 (W.D. Mo. Oct. 26, 2011); *see also Nida v. Saul*, No. 17-06149-CV-SJ-SWH, 2020 WL 5648206, at *2 (W.D. Mo. Sept. 22, 2020) (holding reasonable request for § 406(b) attorney's fees where the effective hourly rate was significantly less than 2.8 times counsel's EAJA rate); *Casas v. Astrue*, No. 4:09CV3244, at *2-3 (D. Neb. Nov. 5, 2012) (finding attorney's fees award of 25% past-benefit amount under fee agreement rendering de facto hourly rate of $943.29 would result in a windfall in the context of the case).

---

[2] In support of this comparable rate to determine whether the 25% fee agreement is reasonable or will result in a windfall to counsel in light of all the circumstances of the particular case, *Gisbrecht*, 535 U.S. at 808 ("reviewing court should disallow windfalls for lawyers") (citation and quotation marks omitted), counsel emphasizes her many years' experience in disability law and that she manages the federal practice of the law firm, sharing her invaluable expertise with the firm's attorneys. In considering the reasonableness of the requested award and the 26.6 hours of legal work rendered, it appears approximately 80 percent of the work was performed by other attorneys in the firm even if under the watchful supervision and management of motion counsel.

However, the Court finds a contingency fee resulting in an award of $14,896[3] is reasonable and does not otherwise result in a windfall.  Therefore, it is **ORDERED** that Plaintiff's counsel's motion for attorney's fees under § 406(b) is **GRANTED in part** as to an award of $14,896 and is **DENIED in part** as to the requested $30,930.38.  Counsel is awarded $14,896 in attorney's fees pursuant to § 406(b) and, accordingly, Plaintiff's counsel is directed to refund the $5,153.75 previously awarded under the EAJA.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  October 20, 2021

---

[3] Calculated as $200 per hour, effectively the EAJA rate in the prior attorney's fee award inflated by a factor of 2.8 to account for the nature of legal representation in Social Security cases that relies on contingent fees, for 26.6 hours of legal work.